UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RODNEY D. CLASS, | ) | CASE NO. 5:06 CV 1465 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JUDGE JAMES S. GWIN, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On June 14, 2006, plaintiff pro se Rodney Class filed this action against United States District Judge James S. Gwin, Ohio Supreme Court Justices Thomas J. Moyer, Terrence O'Donnell, Maureen O'Conner, Evelyn Lundberg Stratton, Francis Sweeney, Paul Pfeifer, and Alice Robie Resnick, Ohio Fifth Appellate District Judges William B. Hoffman, John F. Boggins, W. Scott Gwin, John W. Wise, Julie A. Edwards, and Sheila G. Farmer, Tuscarawas County Common Pleas Court Judges Edward E. O'Farrell, Elizabeth L. Thomakos, and Mary W. Space, New Philadelphia Municipal Court Magistrate William Green, Tuscarawas County Prosecutor Amanda K. Spies, Tuscarawas County Assistant Prosecuting Attorney Robert R. Stephenson, III, New Philadelphia Municipal Prosecutor Christine Weimer, New Philadelphia Law Director Michael C. Johnson, New Philadelphia Retired Police Chief Thomas R. Staggers, Police Officer Shawn E, Nelson, Ohio Governor Bob Taft, Ohio Attorney General Jim Petro, Ohio Auditor Betty

Case: 5:06-cv-01465-JRA  Doc #: 51  Filed: 07/25/06  2 of 8.  PageID #: 405

D. Montgomery, Tuscarawas County Clerk of Courts Rockne W. Clarke, Ohio Department of Motor Vehicles Director Franklin R. Caitrider, and David C. Hipp, Scott J. Mastin, Bob Ney, Ralph Regula, Charlie Wilson, John Boccieri, Jon Husted, and John R. Willamowski, whose official positions, if any, could not be readily identified from the pleading.  In the complaint, plaintiff asserts that the defendants engaged in racketeering when they did not cooperate with his efforts to challenge a traffic matter.  He seeks an order requiring the defendants "to cease and desist any association with the [sic] any and all court system [sic] whatsoever, and (2) Payment in [the] sum of damages to Rodney D. Class treble what the jury shall determine Rodney D. Class damages to the name and property interest are."  (Compl. at 36.)

## Background

Mr. Class's pleading, although lengthy, fails to set forth any discernable facts.  He refers to the defendants as "thugs" which he defines as individuals who "hold[] out the 'face' of propriety while leading a life of crime... ."  (Compl. at 3.)  He states that federal courts are the only legitimate courts and all other court systems, including the state and local courts, are unconstitutional because they are not expressly described in the United States Constitution.  (Compl. at 5.)  He claims that any individual who participates in or upholds decisions of this "extralegal system" is engaged in racketeering.  (Compl. at 5.)  He contends that the federal system is also "shamelessly corrupt and in fact down right evil" because it "impos[es] the unpublished rules of the extralegal system over the published rule of law with the intent and result of the bar controlling America's courts for the illicit purposes of fraud and extortion, including, whenever necessary, profiteering from the prison industry."  (Compl. at 10.)  He asserts that the defendants at various dates ranging from February 27, 2001 to March 26, 2004, "committed fraud in violation

2

of 18 U.S.C. § 1961...by blocking lawful process, depriving Rodney D. Class of his rights." (Compl. at 11.)  He claims he's been denied the ability to drive with a "valid out of state Driver['s] License."  (Compl. at 10.)  Finally, Mr. Class characterizes this matter as a "labor, management dispute" stating that the defendants are "At Will Employees...[who] work for We the People which holds the Management position." (Compl. at 15.)  He concludes his pleading by inserting the text of a case from the United States Supreme Court concerning the power of the federal court to vacate its own judgment when it discovers that one of the parties to the litigation withheld evidence from the court.

## Analysis

While pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court may dismiss an action sua sponte if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction.  Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)(citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)).  Mr. Class's pleading satisfies these criteria.

Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  Beaudett, 775 F.2d at 1278.  Mr. Class's

complaint is comprised entirely of rhetoric and legal conclusions. There are no allegations in the pleading from which a valid legal claim could reasonably be construed.

The court takes notice of its own record that Mr. Class has filed at least three previous federal actions which were all dismissed as frivolous. See Class v. Caltrider, 5:04 CV 598 (N.D. Ohio filed Mar. 26, 2004); Class v. Corp. of New Philadelphia, 5:04 CV 180 (N.D. Ohio filed Feb. 3, 2004); Class v. New Philadelphia, Ohio, Case No. 5:02 CV 1705 (N.D. Ohio filed Aug. 29, 2002). Each of these actions challenged his conviction in the Tuscarawas County Court of Common Pleas on charges of driving without a valid license.

To the extent that this pleading is another attempt by Mr. Class to challenge that same conviction, he is unable to do so. The doctrine of res judicata dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. Id. The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. Westwood Chemical Co. v. Kulick, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a res judicata bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Plaintiff is therefore precluded from litigating this matter for a fourth time.

Furthermore, even if it were not barred by the doctrine of res judicata, Mr. Class could not use this civil action to obtain damages from the judicial officers, court personnel,

prosecutors, and police officers who were involved in those criminal proceedings. A person convicted of a crime may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The holding in Heck applies whether the plaintiff seeks injunctive, declaratory or monetary relief. Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Mr. Class's conviction was upheld on appeal and has not been declared invalid by either an Ohio state court or a federal habeas corpus decision. His claims therefore must be dismissed.

In addition, most of the defendants are absolutely immune from suits for damages. It is well established that judges are immune from liability for actions taken within the scope of their official duties. Pierson v. Ray, 387 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. Stump v. Sparkman, 435 U.S. 349 (1978). Despite plaintiff's conclusory assertions to the contrary, there are no facts alleged in the pleading which reasonably suggest that the Tuscarawas Courty Court of Common Pleas judges, the Fifth District Court of Appeals judges and the Ohio Supreme Court justices acted outside the scope of their official duties. Moreover, prosecutors are absolutely immune for their conduct in initiating a prosecution and in presenting the state's case. Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Pusey v. Youngstown, 11 F.3d 652, 658 (6th Cir. 1993), and court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. Foster v. Walsh, 864 F.2d 416, 417 (6th Cir. 1988). The complaint contains no facts which indicate that the New Philadelphia and Tuscarawas County Prosecutors and Clerk's office personnel participated in any other kind of activity.

## **Vexatious Litigation**

Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. Id. To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. Filipas v. Lemons, 835 F.2d 1145 (6th Cir. 1987); Wrenn v. Vanderbilt Univ. Hosp., Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)(citations omitted)).[1]

Mr. Class has established a pattern of filing complaints in this court which are patently frivolous and vexatious, and which appear calculated to harass the defendants and abuse the judicial process. Accordingly, Rodney D. Class is permanently enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of court in accordance with the following:

> 1. He must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file and he must attach a copy of this Order to it (any such motion should be filed in a miscellaneous case).

---

[1] Other circuits have endorsed enjoining these types of filers. See, Day v. Allstate Ins.Co.,788 F.2d 1110 (5th Cir.1986); Cotner v. Hopkins, 795 F.2d 900 (10th Cir. 1986); Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221 (9th Cir. 1984); In re Martin-Trigona, 763 F.2d 140 (2d Cir. 1985); In re Green, 669 F.2d 779 (D.C. Cir. 1981)(per curiam); Green v. Warden, 699 F.2d 364 (7th Cir. 1983), cert. denied, 461 U.S. 960 (1983); Green v. White, 616 F.2d 1054 (8th Cir. 1980) (per curiam); Gordon v. Dep't of Justice, 558 F.2d 618 (1st Cir. 1977); Gambocz v. Yelencsics, 468 F.2d 837 (3d Cir. 1972).

    2.     As an exhibit to any motion seeking such leave, he must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by his in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.

    3.     By means of a second exhibit, he must identify and list: (a) the full caption of each and every suit which has been previously filed by him or on his behalf in any court against each and every defendant in any new suit he wishes to file, and (b) the full caption of each and every suit which he has currently pending.

    4.  As a third exhibit to the motion, he must provide a copy of each complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

The court may deny any motion for leave to file if the proposed document is frivolous, vexatious or harassing. If the motion is denied, the document shall not be filed. Further, plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this court to deny any motion for leave to file, and may be considered an act of contempt for which he may be punished accordingly.

Further, to prevent future harassment by plaintiff and the waste of this court's limited resources, the Clerk's Office is hereby ordered as follows:

(1) Any document submitted by Mr. Class prior to his obtaining leave to file shall not be filed unless it is <u>specifically identified</u> as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains: 1) an affidavit or sworn declaration as required by this order; 2) a copy of this Memorandum of Opinion; and, 3) the exhibits required by this Memorandum of Opinion.

(2) The Clerk's Office shall not accept any filing fees, cover sheets, in forma

pauperis applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Mr. Class files, unless and until leave is granted.

## **Conclusion**

Accordingly, this action is dismissed. Furthermore, Mr. Class is permanently enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of court in accordance with this Memorandum of Opinion and Order. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.


Date: July 25, 2006                              S/John R. Adams
                                                 JOHN R. ADAMS
                                                 UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.